UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN G. EIRICH,<br><br>        Plaintiff,<br>   v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | 1:08-cv-00893-SMS<br><br>ORDER VACATING THE HEARING ON THE MOTION OF COUNSEL TO WITHDRAW (DOC. 23)<br><br>**Vacated hearing date: July 17, 2009**<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS PLAINTIFF'S ATTORNEY OF RECORD (DOC. 22)<br><br>ORDER GRANTING STIPULATED REQUEST FOR AN EXTENSION OF TIME FOR THE FILING OF PLAINTIFF'S BRIEF TO NO LATER THAN AUGUST 1, 2009 (DOC. 21)<br><br>ORDER DIRECTING THE CLERK TO UPDATE THE DOCKET AND TO SERVE THIS ORDER ON PLAINTIFF HIMSELF AT THE ADDRESS SPECIFIED IN THIS ORDER |

    Plaintiff is proceeding in forma pauperis and with counsel with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for benefits. By order dated August 18, 2008, and pursuant to the consent of the parties, the matter was assigned to the Magistrate Judge for all proceedings, including

1

1  the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed.
2  R. Civ. P. 73(b), and Local Rule 73-301,.
3       Pending before the Court is the motion of Steven G. Rosales
4  of the law offices of Lawrence D. Rohlfing to withdraw as
5  attorney of record for Plaintiff, which was served on Defendant
6  and Plaintiff and filed on June 4, 2009. The motion included a
7  notice and motion to withdraw as attorney of record, a supporting
8  memorandum, and a declaration of Mr. Rosales. The Court issued a
9  briefing order that was served on Plaintiff on June 8, 2009,
10 setting deadlines for the filing of any opposition and reply
11 thereto; no opposition was filed, and Defendant filed a statement
12 of non-opposition to the motion to withdraw on June 24, 2009.
13      The Court has reviewed all the documents submitted in
14 connection with the motion.
15      I. <u>The Motion to Withdraw as Attorney of Record</u>
16      Moving attorney Steven G. Rosales declares under penalty of
17 perjury that after undertaking representation of Plaintiff and
18 reviewing the administrative record, he informed Plaintiff in
19 late February 2009 of his opinion concerning his analysis of the
20 file and the case's issues, and counsel requested permission to
21 proceed based on the analysis. No response was received. Counsel
22 contacted Plaintiff by telephone in March 2009, and on the second
23 occasion of contact, Plaintiff terminated the telephone call
24 without authorizing counsel to proceed.
25      Counsel states that he does not believe that he can
26 effectively represent Plaintiff based on an opinion that is
27 counter to Plaintiff's desires, and further that pursuit of this
28 action by counsel could subject counsel to sanctions under Rule

2

1  11. There is no indication from Plaintiff or counsel that
2  Plaintiff has either retained alternate counsel or authorized
3  counsel to dismiss the action. (Decl. pp. 5-6.)
4      Counsel declares that Plaintiff's address is 4910 Morro
5  Drive, Bakersfield, California 93307.
6      Counsel declares that Plaintiff provided him with a
7  telephone number of (661) 366-2488.
8      It appears that Plaintiff received adequate notice of the
9  motion.
10     Local Rule 83-182 provides that an attorney may request
11 withdrawal if grounds exist pursuant to the Rules of Professional
12 Conduct of the State Bar of California.
13     Cal. Rules of Prof. Conduct, Rule 3-700(C)(1)(a) provides
14 for withdrawal with the permission of a tribunal if the client
15 insists upon presenting a claim or defense that is not warranted
16 under existing law and cannot be supported by good faith argument
17 for an extension, modification, or reversal of existing law. Fed.
18 R. Civ. P. 11(b)(1) provides that by presenting to the Court a
19 paper, an attorney is certifying that to the best of the person's
20 knowledge, information, and belief, formed after an inquiry
21 reasonable under the circumstances, that the claims, defenses,
22 and other legal contentions therein are warranted by existing law
23 or by a nonfrivolous argument for the extension, modification, or
24 reversal of existing law or the establishment of new law. Cal.
25 Rules Prof. Conduct, Rule 3-700(C)(6) permits withdrawal if the
26 member believes in good faith in a proceeding pending before a
27 tribunal that the tribunal will find the existence of good cause
28 for withdrawal. Further, Rule of Professional Conduct 3-

700(C)(1)(d) permits withdrawal if the client by his or her conduct renders it unreasonably difficult for the member to carry out the employment effectively.

Rule 3-700(A) provides in substance that a member must obtain permission to withdraw if rules of a tribunal require it; a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, promptly releasing papers and property, and complying with applicable laws and rules.

The Court finds and concludes that counsel has established grounds for withdrawal. The motion to withdraw will be granted.

II. <u>Extension of Time to File Plaintiff's Opening Brief</u>

Local Rule 83-182(d) provides, "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Counsel have requested that the Court grant Plaintiff time to permit transfer of the pleadings, case management order, and certified administrative record to Plaintiff.

In order to permit Plaintiff to file an opening brief, the Court will extend the deadline for its filing until no later than August 1, 2009.

The Court notes that upon counsel's withdrawal, Plaintiff will be proceeding pro se and will be responsible for the timely prosecution of the action even if Plaintiff fails to obtain new counsel. A failure to comply with an order of the Court, including the deadline for the filing of Plaintiff's opening brief, will result in sanctions, including dismissal of this

4

action. Because Plaintiff is now proceeding pro se, the Court will by separate order inform Plaintiff of requirements concerning Social Security cases in this Court.

### III. Disposition

Accordingly, it IS ORDERED that

1) The motion of Plaintiff's counsel, Steven G. Rosales, to withdraw as attorney of record IS GRANTED; and

2) Plaintiff's opening brief SHALL BE FILED no later than August 1, 2009; and

3) The Clerk SHALL UPDATE THE DOCKET to reflect Plaintiff's pro se status; Plaintiff's address of 4910 Morro Drive, Bakersfield, California 93307; and Plaintiff's telephone number of (661) 366-2488; and the Clerk SHALL SERVE this order upon Plaintiff at that address.

IT IS SO ORDERED.

**Dated:   June 28, 2009**                    /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE