1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  STEVEN G. EIRICH,              )        1:08-cv-00893-SMS
                                   )
12               Plaintiff,        )
                                   )
13      v.                         )        **INFORMATIONAL ORDER**
                                   )        **FOR PRO SE LITIGANTS**
14  MICHAEL J. ASTRUE,             )
    Commissioner of Social         )
15  Security,                      )
                                   )
16               Defendant.        )
                                   )
17  ─────────────────────────────

18       Plaintiff is proceeding pro se in an action seeking judicial

19  review of an administrative decision of the Commissioner of

20  Social Security that denied, in whole or in part, plaintiff's

21  claim for benefits under the Social Security Act.

22       **This order provides the following helpful information, and**

23  **basically serves as a step-by-step guide, for pro se litigants.**

24  **It is strongly suggested that plaintiff read and re-read this**

25  **order and keep it readily available for future reference.**

26       Pursuant to the Court's Order filed June 29, 2009 (Doc. 25),

27  plaintiff's **immediate** attention is directed to pages 6-7, III.

28  A., as plaintiff's opening brief is now due by **August 1, 2009**.

                                   1

1     I.   Service of the Complaint

2         As is outlined in the Scheduling Order issued in this

3 case, except when other provisions are made pursuant to an

4 application to proceed in forma pauperis, plaintiff *shall* serve a

5 copy of the **(1)** summons, **(2)** complaint, **(3)** notice of

6 availability of a Magistrate Judge <u>and</u> the form of consent/

7 decline to jurisdiction of United States Magistrate Judge (<u>See</u>

8 Local Rule 73-305(a)), <u>and</u> **(4)** the Scheduling Order, within

9 **twenty (20) days** of plaintiff filing the complaint.

10       If plaintiff is proceeding in forma pauperis, the

11 United States Marshal usually serves the complaint.  However, if

12 plaintiff is not proceeding in forma pauperis, then plaintiff or

13 legal counsel is responsible for service and then filing a proof

14 of service without delay.  <u>See</u> Local Rule 4-210.

15       Lawsuits for review of administrative decisions made by

16 the Commissioner of Social Security are prosecuted against the

17 Commissioner of Social Security.  Fed.R.Civ.P. 4(i)(2) and (3)

18 provides, in substance, that to serve the Commissioner in his

19 official capacity, the party *must* serve **(1)** the United States,

20 <u>and</u> **(2)** the Commissioner.

21       To serve the United States, a party *must*:

22     **(1)** *deliver* a copy of the summons and complaint to the

23 United States Attorney for the district where the action is

24 brought, <u>or</u> to an Assistant United States Attorney <u>or</u> clerical

25 employee whom the United States Attorney designates in a writing

26 filed with the Court; <u>or</u>, *send* a copy of the summons and

27 complaint, by certified mail *only*, to the Civil Process Clerk at

28 the United States Attorney's Office; and,

1          **(2)**   *send* a copy of the summons and complaint, by

2   certified mail *only*, to the Attorney General of the United States

3   in Washington, D.C.; and,

4          **(3)**   *send* a copy of the summons and complaint, by

5   certified mail *only*, to the Commissioner (the officer of the

6   United States whose order is challenged by the lawsuit) in San

7   Francisco, CA.   Fed.R.Civ.P. 4(i)(1)-(3).

8          Initial service of process is thus sufficient if

9   plaintiff serves, by certified mail *only*, copies of the summons

10  and complaint on:

11              Office of the United States Attorney
                Civil Process Clerk
12              2500 Tulare Street, Suite 4401
                Fresno, CA 93721
13
                Office of the Attorney General of the United States
14              950 Pennsylvania Avenue, NW
                Washington, D.C. 20530-0001
15
                Office of the General Counsel
16              Social Security Administration
                333 Market Street, Suite 1500
17              San Francisco, CA 94105

18  after which a proof of service must be filed with the Court

19  without delay pursuant to Local Rule 4-210.   If plaintiff is

20  proceeding in forma pauperis, the United States Marshal generally

21  completes the proof of service and files it with the Court;

22  however, if plaintiff is not proceeding in forma pauperis, it is

23  plaintiff's duty to promptly file a proof of service with the

24  Court.

25     II.   Attempt at Informal Resolution of the Case

26          Pursuant to the Scheduling Order, within **one hundred**

27  **twenty (120) days** after service of the complaint, defendant is

28  required to serve a copy of the administrative record on

3

1  plaintiff and also file the administrative record with the Court,

2  which <u>serves as the answer to the complaint in this proceeding</u>.

3           Once the administrative record has been filed, the

4  parties *must* try to resolve the case informally.  In this

5  process, the parties *must* exchange informal briefs in the form of

6  letters about the case to see if they can agree that the case

7  should be sent back, or "remanded," to the Social Security

8  Administration for a further hearing by an administrative law

9  judge.

10          In the letter brief, plaintiff *must* briefly set forth

11 **(1)** the issues in the case, **(2)** the reasons why plaintiff thinks

12 that plaintiff is entitled to Social Security benefits, and **(3)**

13 why the decision to deny benefits should be remanded.

14          The letter brief *must* be marked "Confidential Letter

15 Brief", should <u>not</u> be filed with the Court, and *must* be served on

16 defendant **within thirty (30) days from the date defendant served**

17 **plaintiff with the administrative record, by mailing copies to**

18 **all the attorneys listed on the court docket as representing**

19 **defendant,** Commissioner of Social Security, at the addresses

20 noted on the court docket.

21          The name of the attorney or attorneys representing

22 defendant are added to the court docket at the time the Court

23 receives defendant's response to the complaint which, again,

24 usually consists of the administrative record.  Sometimes the

25 court docket lists not only an attorney at the office of the

26 General Counsel of the Social Security Administration in San

27 Francisco, CA, but also an attorney at the United States

28 Attorney's Office in Fresno, CA; in these particular cases, it

1   will then be necessary for plaintiff to mail copies of the

2   confidential letter brief to more than one attorney for

3   defendant.

4          Defendant's confidential letter brief *must* be served on

5   plaintiff no later than **thirty-five (35) days** after defendant is

6   served with plaintiff's confidential letter brief.

7          If the parties agree to a remand, then the case will go

8   back to the Social Security Administration before any formal

9   briefs are filed with the Court, and without the Court ever

10  considering the merits of the case.  The parties' agreement to

11  remand the case *must* be set forth in writing in a document titled

12  "Stipulation and Order," which *must* be signed and filed with the

13  Court no later than **fifteen (15) days** after defendant served its

14  confidential letter brief on plaintiff.  See Local Rule

15  83-143(a)(1) & (b).

16         The informal letter briefs exchanged by the parties are

17  confidential in the sense that they are not filed with the Court.

18  If the parties are unable to agree to a remand, the letters are

19  not part of the case file and, thus, are not before the Court if

20  and when the Court finally considers the case on the merits.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1      III. <u>Briefs</u>

2          If, after exchanging confidential letter briefs, the

3  parties are unable to agree to a remand of the case, then the

4  parties *must* file formal briefs with the Court as directed in the

5  Scheduling Order.  It is only after the formal briefs are filed

6  with the Court that the Court will consider the merits of the

7  case and make a decision.

8          A.    <u>Plaintiff's Opening Brief</u> ~ **due 8/1/09 (Doc. 25)**

9          Plaintiff's opening brief *must* be filed and served

10 no later than **thirty (30) days** from the date defendant's informal

11 letter brief was served on plaintiff.  Plaintiff *must* serve a

12 copy of the opening brief on <u>all</u> the attorneys listed for

13 defendant on the court docket of the case at the addresses noted

14 on the court docket.

15         Plaintiff *must* also file the original opening

16 brief, together with a copy, with the Court, by either personal

17 delivery or via U.S. mail to:

18                    Office of the Clerk
                      United States District Court
19                    Eastern District of California
                      2500 Tulare Street, Suite 1501
20                    Fresno, CA 93721

21 Plaintiff's opening brief *must* contain the following:

22              (1)  a plain description of plaintiff's alleged

23 physical or emotional impairments, when plaintiff contends they

24 became disabling, and how they disabled plaintiff from work;

25              (2)  a summary of the administrative proceedings

26 before the Social Security Administration;

27              (3)  a summary of the relevant testimony at the

28 administrative hearing;

6

1                (4)   a summary of all relevant medical evidence,

2  including an explanation of the significance of clinical and

3  laboratory findings, and the purpose and effect of prescribed

4  medication and therapy;

5                (5)   a recitation of the Social Security

6  Administration's findings and conclusions relevant to plaintiff's

7  claims;

8                (6)   a short, separate statement of each of

9  plaintiff's legal claims stated in terms of the insufficiency of

10  the evidence to support a particular finding of fact or reliance

11  on an erroneous legal standard; and,

12                (7)   argument separately addressing each claimed

13  error.

14                All references to the administrative record and

15  all assertions of fact *must* be accompanied by citations to the

16  administrative record.  Argument in support of each claim of

17  error *must* be supported by citation to legal authority and

18  explanation of the application of such authority to the facts of

19  the particular case.  <u>Briefs that do not substantially comply</u>

20  <u>with these requirements will be stricken</u>.  A document that is

21  stricken becomes null and void and is not considered by the Court

22  for any purpose.

23  <u>                Plaintiff is further advised that failure to</u>

24  <u>timely file an opening brief will result in dismissal of the</u>

25  <u>action</u>.

26  ///

27  //

28  /

1        B.    Defendant's Brief

2              Pursuant to the Scheduling Order, defendant's

3   responsive brief is due filed and served on plaintiff within

4   **thirty (30) days** from the date of service of plaintiff's opening

5   brief on defendant.

6              C.    Plaintiff's Reply Brief

7              Plaintiff may file a reply brief, but is not

8   required to do so, within **fifteen (15) days** from the date

9   defendant served its responsive brief on plaintiff.  Plaintiff

10  *must* serve a copy of the reply brief on defendant by serving the

11  United States Attorney for the Eastern District of California at

12  the address in Fresno, CA, noted above.  Plaintiff *must* also file

13  the original reply brief, together with a copy, with the Court at

14  the Court's address in Fresno, CA, noted above.

15             Plaintiff's reply brief should respond to the

16  arguments made in defendant's responsive brief.

17     IV.   Motion to Dismiss

18             In some cases, instead of serving and filing an

19  administrative record, defendant may file a motion to dismiss the

20  case pursuant to Fed.R.Civ.P. 12., within **one hundred twenty**

21  **(120) days** from the date defendant is served with plaintiff's

22  complaint.

23             Plaintiff may oppose a motion to dismiss by filing and

24  serving opposition to the motion within **fourteen (14) days** from

25  the date the motion to dismiss was served on plaintiff, and

26  should be titled "Opposition to Defendant's Motion to Dismiss."

27  See Local Rule 78-230(c).

28  *//*

1    The Court will consider a motion to dismiss only after

2 receiving opposition from plaintiff, or after the time for filing

3 opposition has passed.  In ruling on a motion to dismiss the

4 case, the Court may either (1) deny the motion and proceed with

5 the case, ordering the parties to proceed to file the

6 administrative record, attempt informal resolution, and file

7 briefs; or, (2) grant the motion to dismiss, and dismiss all or

8 part of the case.

9    V.    The Court's Decision on the Merits

10    The Court will consider the merits of the case only

11 after all briefs have been filed, and may enter a judgment

12 affirming, modifying, or reversing the determination of the

13 Social Security Administration, and may or may not remand the

14 case to the Social Security Administration for a further hearing.

15    VI.   Summary of Deadline Calculations

16
17 | See Section I. above | Service | due **20** days after filing complaint |
| --- | --- | --- |
18 | See Section II. above | Administrative Record | due **120** days after service |
19
20 | See Section III. A. above | Plaintiff's Opening Brief | due **95** days after administrative record lodged with court |
| See Section III. B. above | Defendant's Brief | due **30** days after plaintiff's opening brief filed |
21
22 | See Section III. C. above | Plaintiff's Reply Brief - optional | due **15** days after defendant's brief filed |

23

24    VII. Rules for Litigating the Action

25    Plaintiff is informed of the following:

26    A.   In litigating this action, the parties *must* comply

27 with the Federal Rules of Civil Procedure (Fed.R.Civ.P.), and the

28 Local Rules of the United States District Court, Eastern District

9

1  of California ("Local Rules").  A copy of the Local Rules may be

2  obtained in the Clerk's Office at no charge.

3              Local Rule 8-206 is a special rule for social

4  security actions.  Specifically (a)(2) and (3) generally states

5  that complaints *shall* contain the last four digits of plaintiff's

6  social security number *only*, i.e., XXX-XX-1234, and that

7  plaintiff shall privately disclose to defendant, within **five (5)**

8  **days** after a request is made to plaintiff, the full social

9  security number of plaintiff.

10             Therefore, plaintiff shall refrain from disclosing

11 the entire social security number on any filings.

12             FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL

13 RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS

14 FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS.  See Local Rule

15 11-110; Fed.R.Civ.P. 41(b).

16             B.   Documents intended to be filed with the Court *must*

17 be mailed to the Clerk of the Court in Fresno, CA, at the address

18 noted above.  See Local Rule 5-134(a).  All documents

19 inappropriately mailed directly to a judge's chambers will be

20 stricken from the record.  A document requesting a court order

21 *must* be styled as a motion, not a letter.  See Fed.R.Civ.P. 7.

22             C.   Each document submitted for filing *must* include

23 the original signature of the filing party or parties.  Local

24 Rule 7-131; Fed.R.Civ.P. 11(a).  All documents submitted without

25 the required signature(s) will be stricken.  Each separate

26 document *must* be separately stapled.  See Local Rule 7-130.  If a

27 document is stapled behind another document, it will not be filed

28 and will not enter the court docket.

1    D.   All documents filed with the Court *must* be

2  submitted with an additional legible copy to be conformed for the

3  Court's use.  See Local Rule 5-133(d)(2).  A document submitted

4  without an extra copy for the Court's use will be stricken.  If

5  the filing party wishes the Court to return a file-stamped copy,

6  an additional copy *must* be provided for that purpose (i.e., an

7  original and two copies, one for the Court's use and one to be

8  returned to the filing party), together with a self-addressed,

9  stamped envelope.  The Court cannot provide copy or mailing

10  service for a party, even for an indigent plaintiff proceeding in

11  forma pauperis.  Copies of documents from the Court's file may be

12  obtained in the Clerk's Office at the cost of fifty ($.50) cents

13  per page.

14    E.   After any defendant has appeared in an action by

15  filing a pleading responsive to the complaint (i.e., an answer or

16  a motion to dismiss), all documents filed with the Court *must*

17  include a proof of service stating that a copy of the document

18  was served on the opposing party.  *See* 28 U.S.C. § 1746;

19  F.R.Civ.P. 5; Local Rule 5-135.  **A document submitted without the**

20  **required proof of service will be stricken**.  Where a party is

21  represented by counsel, service on the party's attorney of record

22  constitutes effective service.

23    F.   A pro se party has an affirmative duty to keep the

24  Court and opposing parties apprised of a current address.  If

25  plaintiff moves and fails to file a notice of change of address,

26  service of court orders at plaintiff's prior address shall

27  constitute effective notice.  See Local Rule 83-182(f).  If mail

28  directed to plaintiff is returned by the United States Postal

11

1   Service as undeliverable, the Court will not attempt to re-mail

2   it.  If plaintiff's address is not updated, in writing, within

3   **sixty (60) days** of mail being returned, the action will be

4   dismissed for failure to prosecute.  See Local Rule 83-183(b).

5

6   IT IS SO ORDERED.

7   **Dated:    June 30, 2009**                              **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28