UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
STEVEN G. EIRICH,              ) 1:08-cv-00893-SMS
                               )
            Plaintiff,         ) ORDER DISMISSING THE ACTION
     v.                        ) WITHOUT PREJUDICE FOR PLAINTIFF'S
                               ) FAILURE TO FILE AN OPENING BRIEF,
MICHAEL J. ASTRUE,             ) FOLLOW A COURT ORDER, AND
COMMISSIONER OF SOCIAL         ) PROSECUTE THE CASE (Docs. 6, 25,
SECURITY,                      ) 26, 27)
                               )
            Defendant.         ) ORDER DIRECTING THE CLERK TO
                               ) CLOSE THIS ACTION
                               )
```

Plaintiff was proceeding pro se with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for benefits. Pursuant to the consent of the parties, on August 18, 2009, pursuant to 28 U.S.C. § 636(c)(1), District Judge Anthony W. Ishii reassigned the action to the Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

On June 29, 2009, the Court granted the motion of Plaintiff's counsel to withdraw and granted a stipulated request for an extension of time until August 1, 2009, for the filing of Plaintiff's brief as generally required by the Court's scheduling

1

1 order of June 25, 2008, and previous extensions. The Court issued
2 an informational order which was served on Plaintiff on July 1,
3 2009. When Plaintiff failed to file the opening brief by August
4 1, 2009, the Court issued an order to Plaintiff to appear
5 personally on August 21, 2009, before the Court and show cause
6 why the action should not be dismissed for Plaintiff's failure to
7 comply with a court order, file an opening brief, and prosecute
8 the action; the order was served on Plaintiff by mail on August
9 11, 2009. Plaintiff failed to appear on August 21, 2009.

10     Local Rule 11-110 provides that "...failure of counsel or of
11 a party to comply with these Local Rules or with any order of the
12 Court may be grounds for the imposition by the Court of any and
13 allسanctions...within the inherent power of the Court." District
14 courts have the inherent power to control their dockets and "in
15 the exercise of that power, they may impose sanctions including,
16 where appropriate...dismissal of a case." Thompson v. Housing
17 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an
18 action, with prejudice, based on a party's failure to prosecute
19 an action, failure to obey a court order, or failure to comply
20 with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54
21 (9th Cir. 1995) (dismissal for noncompliance with local rule);
22 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
23 (dismissal for failure to comply with an order requiring
24 amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41
25 (9th Cir. 1988) (dismissal for failure to comply with local rule
26 requiring pro se plaintiffs to keep court apprised of address);
27 Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
28 (dismissal for failure to comply with court order); Henderson v.

2

1  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
2  failure to lack of prosecution and failure to comply with local
3  rules).
4      In determining whether to dismiss an action for lack of
5  prosecution, failure to obey a court order, or failure to comply
6  with local rules, the court must consider several factors: (1)
7  the public's interest in expeditious resolution of litigation;
8  (2) the court's need to manage its docket; (3) the risk of
9  prejudice to the defendants; (4) the public policy favoring
10 disposition of cases on their merits; and (5) the availability of
11 less drastic alternatives. Thompson, 782 F.2d at 831; Henderson,
12 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
13 1260-61; Ghazali, 46 F.3d at 53.
14     In this case, the Court finds that the public's interest in
15 expeditiously resolving this litigation and the Court's interest
16 in managing the docket weigh in favor of dismissal, as the case
17 has been pending since the middle of 2008.
18     The third factor, risk of prejudice to defendants, also
19 weighs in favor of dismissal, since a presumption of injury
20 arises from the occurrence of unreasonable delay in prosecuting
21 an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
22 1976). Although Plaintiff is proceeding pro se and lacks legal
23 expertise and proficiency in English, the Court has repeatedly
24 granted extensions of time and issued informational orders. The
25 administrative record has been filed for over a year. Plaintiff
26 has failed to offer any explanation for the latest delay of two
27 months. The Court finds that under the circumstances of this
28 case, Plaintiff's delay is unreasonable.

3

1   The fourth factor -- public policy favoring disposition of
2 cases on their merits -- is greatly outweighed by the factors in
3 favor of dismissal discussed herein.
4   Finally, a court's warning to a party that her failure to
5 obey the court's order might result in dismissal satisfies the
6 "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>,
7 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at
8 1424. The Court's order requiring Plaintiff to file a motion for
9 summary judgment expressly warned Plaintiff that a failure to
10 file a motion could result in dismissal for failure to comply
11 with an order of the Court. Further, the Court has already
12 attempted repeated extensions of time, informational orders, and
13 warnings, but these alternatives have not resulted in the filing
14 of an adequate motion that the Court can comprehend or that the
15 Court reasonably can expect the Defendant to respond to on the
16 merits. The Court finds that under the circumstances of the
17 present case, there is no alternative to dismissal.
18   Accordingly, it IS ORDERED that the action IS DISMISSED
19 without prejudice for failure to prosecute and failure to follow
20 an order of the Court.
21   The Clerk IS DIRECTED to close this action because this
22 order terminates the action in its entirety.
23
24 **IT IS SO ORDERED.**
25 **Dated:   August 24, 2009**           /s/ Sandra M. Snyder
                                 UNITED STATES MAGISTRATE JUDGE
26
27
28

4